```
IN THE UNITED STATES DISTRICT COURT
   FOR THE EASTERN DISTRICT OF VIRGINIA
            Alexandria Division
```

UNITED STATES OF AMERICA        )
                                )
        v.                      )
                                )   1:10cr9 (LMB)
LUIS SOTO QUINTERO              )   1:11cv390 (LMB)
                                )
        Defendant/Petitioner.   )

## MEMORANDUM OPINION

Luis Soto Quintero ("Quintero"), a federal prisoner confined at the Federal Detention Center in Philadelphia, PA, has filed a <u>pro se</u> Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ["Motion to Vacate Sentence"], in which he argues that his guilty plea was involuntary and that his defense attorney provided ineffective assistance of counsel by not fully explaining the potential sentence that he faced for pleading guilty to one count of conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(1)(1) & 846. Because Quintero's claims are meritless, his Motion to Vacate Sentence will be summarily dismissed without a response from the United States.[1]

---

[1] Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

## I. Background

On January 7, 2010, Luis Soto Quintero was indicted on one count of conspiracy to distribute 5 kilograms or more of cocaine, a felony offense in violation of 21 U.S.C. §§ 841(1)(1) & 846. On February 24, 2010, Quintero pleaded guilty to the conspiracy count charged in the Indictment. Although Quintero did not enter into a written plea agreement with the government, he did sign a written Statement of Facts, in which he admitted, <u>inter alia</u>, that:

> Beginning in or about February 2009, the exact date being unknown, and continuing thereafter until on or about October 22, 2009, in the Eastern District of Virginia, Maryland, and elsewhere, the defendant, Luis Soto Quintero, aka "Siete" ("Quintero"), did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons, both known and unknown, to unlawfully, knowingly, and intentionally distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

<u>See</u> Dkt. No. 123 [Statement of Facts].

During his plea colloquy, the defendant was advised that the charge to which he was pleading guilty carried a mandatory minimum sentence of ten years of imprisonment, but that "the Court could sentence [him] to as much as life imprisonment." <u>See</u> Dkt. No. 146 [Tr. of 02/23/10 Plea Hr'g] at 8:10-11; <u>see also id.</u> at 13:24 - 14:1 (explaining that "the Court . . . could very well sentence above the mandatory minimum in the guideline range"). The Court also explained the relevant sentencing guidelines and the various factors that might be considered during sentencing, including

whether the defendant had played a leadership role in the conspiracy. See id. at 10:19 - 14:3. In response to questioning, the defendant indicated that he understood all of the Court's admonitions with regard to the sentencing guidelines and sentencing factors. See id. at 8:23, 11:11, 12:11-15, 14:3. The defendant also indicated that he had discussed guidelines sentencing with his attorney, Frank Salvato, but that he understood that the Court was not bound by any of his attorney's recommendations or representations. See id. at 14:13 - 15:2.

At the defendant's sentencing hearing, held on May 24, 2010, the Court calculated the defendant's criminal history as a category I and his offense level as a level 36.[2] See Dkt. No. 141 [Tr. of 05/24/10 Sentencing Hr'g] at 6:20 - 6:25. Those calculations yielded a sentencing guideline range of 188 to 235 months of incarceration, and the Court ultimately sentenced Quintero to 192 months in the custody of the Bureau of Prisons, with credit against that sentence for all time already served. See id. at 16:4-9.

Quintero then exercised his right to appeal that sentence. See Dkt. No. 133 [Notice of Appeal]. The United States Court of

---

[2] The offense level included a four-level increase for the defendant's leadership role in the offense, because he supplied cocaine to numerous consumers, directed the activities of several co-conspirators, and provided assistance to his accomplices to avoid detection. The Court declined, however, to add another two-level increase for obstruction, as the government had requested. See Tr. of 05/24/10 Sentencing Hr'g at 5:16 - 6:25.

Appeals for the Fourth Circuit affirmed the sentence, finding that it was not substantively unreasonable and that there was no error in the calculation of the applicable guidelines range, including the assessment of the four-level enhancement for the defendant's leadership role in the conspiracy. See United States v. Quintero, No. 10-4612 (4th Cir. Feb. 4, 2011) (per curiam).

On March 7, 2011, Quintero timely filed this Motion to Vacate Sentence,[3] in which he argues that his counsel was ineffective for allegedly promising him that he would receive only a 10 year sentence in exchange for his guilty plea. See Mot. to Vacate Sentence Under 28 U.S.C. § 2255 [Dkt. No. 151]. Quintero claims that he was unaware that he could be sentenced to a term of imprisonment in excess of the 10-year mandatory minimum, such as the 192 month sentence which he eventually received, and that "[t]he outcome of the case would have differed if trial counsel would not have guaranteed defendant [sic] was pleading to a 10 years sentence." See id. at 5.

## II. Standard of Review

A motion under 28 U.S.C. § 2255 provides for collateral attack on a conviction or sentence that was imposed in violation of the United States Constitution or laws, where the court lacked jurisdiction to impose the sentence, where the sentence was in

---

[3] The motion was originally improperly filed in the United States District Court for the Southern District of New York, but was transferred to this Court by an Order issued on March 8, 2011. See Dkt. No. 151.

4

excess of the maximum authorized by law, or where the sentence or conviction is otherwise subject to collateral attack. To prevail on a § 2255 motion, a movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

Relief under 28 U.S.C. § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise "inherently result[ ] in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178 (1979). Moreover, a motion pursuant to § 2255 "may not do service for an appeal," and claims that have been waived are therefore procedurally defaulted unless the movant can show cause and actual prejudice. United States v. Frady, 456 U.S. 152, 165-67 (1982). An exception applies, however, when a defendant brings a claim of constitutionally ineffective assistance of counsel. See United States v. DeFusco, 949 F.2d 1114, 120-21 (4th Cir. 1991).

### III. Discussion

To establish ineffective assistance of counsel, a movant must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). That test requires proof of two things: (1) deficient performance, and (2) prejudice. Therefore, to prevail on his claim of ineffective assistance of counsel, Quintero must first demonstrate that his trial counsel's

performance was not "reasonably effective," meaning that it "fell below an objective standard of reasonableness." Id. at 687-88. Next, he must show that there is "a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." Id. at 694. Indeed, a defendant such as Quintero, who plead guilty to the offense charged, has an even higher burden to meet. Namely, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would instead have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Quintero, however, cannot make the required showing on the facts of this case. First, he cannot establish that his trial counsel's performance fell below any objective standard of reasonableness. In his § 2255 motion, Quintero repeatedly claims that his attorney presented him with a "statement of facts in which the defendant was assured he would be pleading to a 10 years sentence." See Mot. to Vacate Sentence at 5; see also id. ("On February 24, 2010, atty for defendant presented a second statement of facts to the defendant with the same promise, that the defendant would receive a 10 years sentence for his plea."). However, Quintero has not submitted any documentary or other evidence memorializing any such promise made in connection with his plea or his statement of facts. In fact, the written

Statement of Facts filed with the Court during the plea hearing on February 24, 2010 does not mention potential penalties at all, and certainly does not promise defendant that he would only receive a sentence of the 10-year mandatory minimum period of incarceration. See Dkt. No. 123 [Statement of Facts]. Moreover, during his plea colloquy, Quintero repeatedly affirmed that he had discussed the case thoroughly with his counsel and that he was fully satisfied with his counsel's performance. See Tr. of 02/23/10 Plea Hr'g at 10:25, 14:4-12, 15:14 - 16:13. Under these circumstances, Quintero's claim that he was denied the effective assistance of counsel must be rejected.

Quintero's arguments that his guilty plea was involuntary, that he did not fully understand the potential sentence that he faced, and that the outcome of this case would have been different had he known the possible repercussions for the offense to which he plead guilty are equally meritless. During the plea hearing, the Court explained the range of possible sentences to Quintero in great detail, and the defendant consistently indicated that he understood the possible sanctions he was facing. In fact, Quintero repeatedly reaffirmed his knowledge and understanding that the Court could very well sentence him to a term of imprisonment far in excess of the 10-year mandatory minimum:

> THE COURT: All right. So, Mr. Quintero, do you understand that with your plea to the conspiracy count, the possible punishment you face is the following: There's a mandatory minimum, that means the Court cannot

sentence you to less than ten years of imprisonment, and the Court could sentence you to as much as life imprisonment. Do you understand that?

THE DEFENDANT: Yes.

. . .

THE COURT: Now, again, because this offense has a mandatory minimum of ten years, if the guideline range is below the ten years, the Court can't really even look at the guideline range, because it will have to sentence you at least at the mandatory minium. On the other hand, if the guideline range is well above the minimum, let's say the guideline range was for 15 to 18 years, the Court's going to need to look at that range carefully and could very well sentence above the mandatory minimum in the guideline range. Do you understand that?

THE DEFENDANT: Yes.

Tr. of 02/23/10 Plea Hr'g at 8:6-12, 13:19 - 14:3.

The Court also explained guidelines sentencing and the possible sentencing factors under 28 U.S.C. § 3553(a) to the defendant, and emphasized that regardless of any sentencing discussions Quintero might have had with his attorney or anyone else, the Court was not bound by those discussions:

THE COURT: Now, I want to make sure you understand that no matter what Mr. Salvato [defense counsel] may have told you he thinks your guideline scores will be or what sentence he thinks you will get, or for that matter, if the prosecutor or any of the investigators have given you their ideas about what kind of punishment you may get in this case, none of those discussions in any respect bind or limit the probation officer who prepares the presentence report or this Court when it goes to sentence you. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And so if at the sentencing hearing you

8

> receive a sentence that is different from what you are
> expecting or hoping for, that will not give you a basis
> to withdraw your guilty plea. Do you understand that?
>
> THE DEFENDANT: Yes.

Id. at 14:13 - 15:2. Accordingly, Quintero was placed on clear notice before entering his guilty plea that he was not promised or guaranteed a 10-year sentence, and that he could easily be sentenced to a term of incarceration well above the mandatory minimum, including a potential sentence of life imprisonment. As such, Quintero cannot carry his burden to establish that his plea was involuntary or invalid in any way.

Lastly, in light of the Court's clear explanation of the potential penalties for a violation of 21 U.S.C. §§ 841(1)(1) & 846, up to and including life imprisonment, Quintero cannot prove that there is any "reasonable probability that . . . the result of [this] proceeding would have been different," even if his counsel had somehow mislead him about the possible sentence that he faced. Indeed, at no point in his Motion to Vacate Sentence does Quintero allege that he is innocent of the offense to which he plead guilty or that he would have gone to trial if he had understood that there was no guarantee of a ten-year sentence. To the contrary, Quintero told the Court during his plea colloquy that "[e]ver since [he] hired . . . Mr. Salvato, it was [his] plan to resolve this case by pleading guilty rather than going to trial." Tr. of 02/23/10 Plea Hr'g at 16:10-14. Quintero's claims therefore plainly fail under the prejudice prong of the Strickland analysis, as well. See Strickland, 446 U.S. at 694.

## IV. Conclusion

For all these reasons, and in light of this record, there is no merit to the claims in Quintero's § 2255 Motion to Vacate Sentence, which will be dismissed by an Order to be issued with this Memorandum Opinion.

Entered this 25th day of April, 2011.

/s/ *[signature]*
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia